```
          UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

TERRY KUEHNER,                         :   **CASE NO. 1:11-CV-1164**
                                       :
         Petitioner                    :   (Judge Caldwell)
                                       :
     v.                                :   (Magistrate Judge Smyser)
                                       :
COMMONWEALTH OF PENNSYLVANIA           :
and BOARD OF PROBATION AND             :
PAROLE,                                :
                                       :
         Respondents                   :

### REPORT AND RECOMMENDATION

**Introduction**.

The petitioner is Terry Kuehner.  He has filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus.  He was convicted by a jury in the Court of Common Pleas of Carbon County on November 10, 2005 of three counts of aggravated assault, two counts of simple assault, and one count of reckless endangerment of another person.  He was sentenced on January 23, 2006 to a minimum sentence of eighteen months and a maximum sentence of 120 months.  He did not file post-trial motions or an appeal.  His conviction was accordingly final on February 22, 2006.

On November 8, 2006, Kuehner filed a PCRA petition. That petition was denied by the state court on March 11, 2010. The respondents assert that no appeal was taken from the order denying that petition, but that is not correct. Kuehner filed an appeal to the Superior Court, which was denied on October 26, 2010. He filed a petition to the Pennsylvania Supreme Court for the allowance of an appeal. That was denied on April 5, 2011.

**Timeliness: 28 U.S.C. § 2244(d)**.

The present petition was filed on June 20, 2011. The respondents assert that this petition is untimely under 28 U.S.C. § 2244(d)(1) because the period of time from February 22, 2006 to June 20, 2011 exceeds the allotted one-year period in which the petition could be filed. But, as already noted, the respondents erroneously assert that no appeal of the PCRA court's decision was taken to the state appellate courts, so they erroneously seek to include the time from the PCRA court's denial of the PCRA petition as time within which the § 2254 petition should have been filed.

There is no contention that the November 8, 2006 PCRA petition was untimely. 28 U.S.C. § 2244(d)(2) provides:
> The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the
> pertinent judgment or claim is pending shall
> not be counted toward any period of limitation
> under this subsection.

2

The PCRA petition was pending until April 5, 2011.  The calculation for purposes of 28 U.S.C. § 2244(d) should not include the period from November 8, 2006 to April 5, 2011.

The days from February 22, 2006 to November 8, 2006 numbered 259.  The days from April 5, 2011 to June 20, 2011, the date on which he filed this habeas corpus petition, numbered 76.  The total is 335 days, not in excess of one year.

The petition is timely.

**Exhaustion: 28 U.S.C. § 2254(b)(d)**.

The respondents also assert that the petitioner has not fairly presented his claims that he is in custody in violation of his federally protected rights to the state courts, that he has not exhausted state judicial remedies as to any claims that he has that he is in custody in violation of his federally protected rights, that he has procedurally defaulted his state court remedies as to any such claims and that grounds do not exist for excusing procedural default.

Kuehner's initial filings in this case, docketed together as Document 1, include a form (AO 241) Petition Under U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  He has stated in this Petition a multitude of claims

that his conviction was in violation of his rights.  He states the many claims that he presents without regard to whether the claims were presented and exhausted in state court.  *See* Form AO 241 Petition Under 28 U.S.C. § 2254, Part of Doc. 1, Grounds One through Four.

Kuehner has acknowledged in his petition that his "issues of fact were not presented in their entirety" in state court.  He asserts that he presented all of his contentions and issues to his attorneys, but that they did not present all of his contentions and issues in court proceedings.

The claims raised in Kuehner's PCRA petition, as set forth in the Memorandum Opinion of the PCRA Court, were that trial counsel was ineffective because (1) material witness testimony was not presented at trial, (2) Kuehner was not called by his attorney to testify, (3) counsel did not seek to have a biased juror stricken and (4) counsel did not seek to have Kuehner determined not to be competent to stand trial.

28 U.S.C. § 2254(b)-(c) provides that:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

> (A) the applicant has exhausted the remedies available in the courts of the State; or

>     (B)(i) there is an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>   (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of

5

facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir. 1995).

A habeas corpus petitioner bears the burden of demonstrating that he has exhausted state remedies. *O'Halloran v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner must show that he has fairly presented his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). To have been fairly presented to the state courts both the legal theory and the facts supporting the claim must have been presented to the state courts. *O'Halloran*, *supra,* 835 F.2d at 508. Further, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra,* 526 U.S. at 845.

In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254(c). *Lambert v. Blackwell,* 387 F.3d 210, 233 (3d Cir. 2004).

6

The habeas petitioner must exhaust his state remedies as to each of his federal claims.  If a habeas corpus petition contains both exhausted and non-exhausted claims the petition should normally be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 515-20 (1982).  However, an application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the petitioner to exhaust state remedies. 28 U.S.C. §2254(b)(2).

If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002); *See also McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)("When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'").  A procedural default occurs when a prisoner's claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. *Id.*  Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law or unless the prisoner demonstrates that failure to consider the claim will

7

result in a fundamental "miscarriage of justice." *Id.*

Because it appears that any second Post Conviction Relief Act petition filed by Kuehner would be untimely, *see 42 Pa.C.S.A. § 9545(b)(petition must be filed within one year of the date judgment becomes final),* there appear to be no state remedies left for him to exhaust. We conclude that he has procedurally defaulted all claims that he seeks to raise in this petition that he did not raise in his single PCRA petition. He has not shown cause[1] and prejudice or a fundamental miscarriage of justice to excuse the default.

---

1. To establish "cause" for a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Ineffective assistance of counsel may meet this standard but only if the ineffective assistance of counsel claim has been exhausted in the state courts as an independent claim. *Id.* In this case, the petitioner can not establish ineffective assistance of counsel as cause for his failure to present his defaulted claims to the Pennsylvania courts because the petitioner has not exhausted such ineffective assistance claims in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)(holding that "a procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself."). Moreover, since there is no Sixth Amendment right to representation during a collateral challenge to a conviction, the ineffectiveness of PCRA counsel can not serve as cause for a procedural default. *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002).

The petitioner did, however, exhaust three of the four ineffective counsel claims that he raised in his PCRA petition. The four claims were presented to and decided by the PCRA Court, the Carbon County Court of Common Pleas. The Superior Court decided the three ineffective counsel claims presented to the Court by Kuehner in his appeal of the PCRA Court's ruling:

> 1. Was counsel ineffective for failing to investigate [the] case and present exculpatory eye witnesses?
>
> 2. Was counsel ineffective for failing to have [Appellant] testify?
>
> 3. Was defense counsel was [sic] ineffective for allowing a person who was well acquainted with [Appellant] to be seated as a juror?

*Commonwealth v. Kuehner,* Memorandum Opinion of October 26, 2010, No. 825 EDA 2010, Superior Court of Pennsylvania (an attachment to Petition, Doc. 1).

**The Merits of the Petition**.

We will now address the three exhausted claims.

Section 2254(d)-(f) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

9

>> established Federal law, as determined by the
>> Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of
>> the evidence presented in the State court
>> proceeding.

(e)(1) In a proceeding instituted by an application for a
writ of habeas corpus by a person in custody pursuant to
the judgment of a State court, a determination of a
factual issue made by a State court shall be presumed to
be correct. The applicant shall have the burden of
rebutting the presumption of correctness by clear and
convincing evidence.

>> (2) If the applicant has failed to develop the
>> factual basis of a claim in State court proceedings,
>> the court shall not hold an evidentiary hearing on
>> the claim unless the applicant shows that--
>>
>>> (A) the claim relies on--
>>>
>>>> (i) a new rule of constitutional law, made
>>>> retroactive to cases on collateral review
>>>> by the Supreme Court, that was previously
>>>> unavailable; or
>>>>
>>>> (ii) a factual predicate that could not
>>>> have been previously discovered through
>>>> the exercise of due diligence; and
>>>
>>> (B) the facts underlying the claim would be
>>> sufficient to establish by clear and convincing
>>> evidence that but for constitutional error, no
>>> reasonable factfinder would have found the
>>> applicant guilty of the underlying offense.

(f) If the applicant challenges the sufficiency of the
evidence adduced in such State court proceeding to
support the State court's determination of a factual
issue made therein, the applicant, if able, shall produce
that part of the record pertinent to a determination of
the sufficiency of the evidence to support such
determination. If the applicant, because of indigency or
other reason is unable to produce such part of the
record, then the State shall produce such part of the
record and the Federal court shall direct the State to do

>       so by order directed to an appropriate State official. If
>       the State cannot provide such pertinent part of the
>       record, then the court shall determine under the existing
>       facts and circumstances what weight shall be given to the
>       State court's factual determination.

Section 2254(i) provides:

>       (i) The ineffectiveness or incompetence of counsel during
>       Federal or State collateral post-conviction proceedings
>       shall not be a ground for relief in a proceeding arising
>       under section 2254.

**The *Strickland* Standard.**

The petitioner's three exhausted claims are claims of ineffective assistance of trial counsel. A claim of ineffective assistance of counsel requires a two part analysis. First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). There is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986). Counsel's performance should be viewed from counsel's perspective at the time without the distorting effects of hindsight. *Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001). Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. *Strickland, supra,* 466 U.S. at 687. To establish prejudice the petitioner must show that there is a reasonable probability that but for counsel's errors the

11

result of the proceeding would have been different. *Id.* at 694.

There is no reasonable basis here to determine that the state court decision[2] was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. There is not a reasonable basis here, either, to determine that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court hearing.[3]  28 U.S.C. § 2254(d)(1)(2).

The eighteen page March 11, 2010 Memorandum Opinion of the Carbon County Court of Common Pleas explaining the rejection of the ineffective assistance of trial counsel claims of the petitioner thoroughly discusses the facts and trial counsel's strategy decisions and actions.

The PCRA court found that trial counsel did not know of and could not reasonably have been expected to know of what a neighbor of the defendant said that he observed on the evening that the defendant had allegedly fired shots at a police car.

---

2. The decision of the Carbon County Court of Common Pleas was affirmed by the Superior Court on October 26, 2010.  A copy of each Court's decision is attached to the petition.

3. A transcript of the May 1, 2009 PCRA hearing is attached to the petition.

But, the court found, even had the neighbor been interviewed, the neighbor's testimony would have been more harmful than helpful because the neighbor's testimony would have conflicted with the defense's basic premise that no shots were fired as Trooper Snyder approached the defendant's home.  This finding was plainly reasonable.  A review of the trial transcript and the neighbor's PCRA testimony emphatically bears this out. The decision of trial counsel not to call the defendant as a witness was found by the PCRA court to have been reasonable. This finding of the PCRA court also was within the boundaries of 28 U.S.C. § 2254(d)-(f); it was a reasonable decision.

The court credited counsel's belief that it would not be wise to put the defendant on the stand because the defendant tended to display anger towards the police and towards the judicial system.  The court also credited counsel's testimony that the defendant made the decision not to testify.

Trial counsel's decision not to challenge a prospective juror was found by the PCRA court to have been a calculated strategic move, not careless.  Again, the PCRA court's finding was demonstrably reasonable.

None of Kuehner's claims adjudicated by the PCRA court resulted in a decision that was contrary to or that involved an unreasonable application of clearly established federal law

as determined by the Supreme Court of the United States.  None resulted in a decision that was based upon an unreasonable determination of the facts based upon the PCRA hearing testimony and the trial testimony, and the findings of fact made by the PCRA court as to Kuehner's ineffective-assistance-of-counsel claims have plainly not been rebutted by clear and convincing evidence.

Kuehner has not presented, and we have not independently found a basis for the court to conduct an evidentiary hearing by consideration of the § 2254(e)(2).

**Recommendation**.

It is recommended that the petition be denied for the foregoing reasons.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  October 25, 2011.